**Paul AANESTAD, Plaintiff—Appellant,**

**and**

**Rebecca Aanestad, Plaintiff,**

**v.**

**COUNTY OF SAN FRANCISCO; et al., Defendants—Appellees.**

**No. 03–15710.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

Paul Aanestad, pro se, Campbell, CA, for Plaintiff–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monica F. Wiley, Esq., Dennis J. Herrera, Joanne M. Hoeper, City Attorney's Office City & Co. of San Francisco, San Francisco, CA, Ann Miller Ravel, Melissa R. Kiniyalalocts, San Jose, CA, for Defendants–Appellees.

Before: KOZINSKI, SILVERMAN and TALLMAN, Circuit Judges.

MEMORANDUM **

Paul Aanestad appeals pro se the district court's orders denying counsel, refusing to enter default judgment, and dismissing his section 1983 claims against the County of San Francisco, the County of Santa Clara Department of Social Services, and individual social services employees, public guardians and deputy district attorneys.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both a dismissal for failure to state a claim and a dismissal for lack of subject matter jurisdiction. *Arrington v. Wong,* 237 F.3d 1066, 1069 (9th Cir.2001).

The district court properly dismissed Aanestad's claims against county social services employees on the basis of absolute immunity because they acted in quasi-prosecutorial and quasi-judicial capacities. *See Miller v. Gammie,* 335 F.3d 889, 897 (9th Cir.2003). Likewise, absolute immunity barred Aanestad's claims against deputy district attorney Blake, because her actions were equivalent to "the functions of an advocate in a criminal prosecution." *Id.*

██ The district court also properly dismissed Aanestad's challenge to conservatorship proceedings instituted against Ms. Aanestad's former fiancé, because Aanes-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**164**

tad lacks standing to seek a judicial determination of the validity of the conservatorship. *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

Aanestad's due process claim is barred because he has not shown that he exhausted state postdeprivation remedies. *See Blueford v. Prunty,* 108 F.3d 251, 256 (9th Cir.1997).

■ The district court correctly concluded that the Adoption Assistance and Child Welfare Act of 1980 does not create a private right of action. *See Suter v. Artist M.,* 503 U.S. 347, 364, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992).

Because Paul Aanestad did not first request leave of the court before adding his mother as a plaintiff to his action, *see* Fed.R.Civ.P. 15(a), the district court did not abuse its discretion in rejecting the amendment, *see Brass v. County of Los Angeles,* 328 F.3d 1192, 1198 (9th Cir. 2003).

Notwithstanding Aanestad's asseveration that the issues in the litigation are complex, the district court did not abuse its discretion in finding exceptional circumstances were not present and declining to appoint counsel. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

Because the defendants were not properly served initially, the district court did not abuse its discretion in denying Aanestad's request for default. *See Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986).

Appellant's allegations of bias are unavailing because adverse rulings alone do not support a finding that a judge is biased. *See Leslie v. Grupo ICA,* 198 F.3d 1152, 1160 (9th Cir.1999).

**AFFIRMED.**